Philip McGrady
MCGRADY LAW FIRM
P.O. Box 40
Park City, Montana 59063
406-322-8647 (phone)
406-322-8649 (fax)
philip@mcgradylawfirm.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **PAUL CASAROTTO, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EXPLORATION DRILLING, INC.,**<br><br>**Defendant.** | **CIVIL CASE NO.: _____** |

## COLLECTIVE/CLASS ACTION COMPLAINT

Paul Casarotto, individually and behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### SUMMARY

1. This lawsuit seeks to recover overtime compensation for Casarotto and other similarly situated flowback operators employed by Exploration Drilling, Inc.

2. Exploration Drilling is a Montana energy company engaged in the exploration and production of oil.

3. Exploration Drilling employs flowback operators who assist in the operation of oil wells.

4. Although flowback operators generally work well over forty hours per workweek, Exploration Drilling does not pay its flowback operators overtime premiums for hours worked over the forty hours in a workweek.

5. Instead, Exploration Drilling pays flowback operators at a set daily rate, regardless of how many hours are worked. This violates the Fair Labor Standards Act (FLSA).

6. Casarotto brings this action on behalf of himself and similarly situated current and former flowback operators nationwide who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Exploration Drilling that have deprived Casarotto and other similarly situated employees of their lawfully earned wages.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

8. The proposed collective action includes a total number of plaintiffs in excess of 100.

9. The amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

10. Casarotto and Exploration Drilling are citizens of different states.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## PARTIES AND PERSONAL JURISDICTION

### Paul Casarotto

12. Paul Casarotto (Casarotto) is an individual employed by Exploration Drilling as a flowback operator since August 1, 2013.

13. From approximately September 2013 to May 10, 2014, Casarotto worked for Exploration Drilling in North Dakota.

14. At all relevant times, Plaintiff was an "employee" of Exploration Drilling as defined by the FLSA.

15. At all relevant times, Exploration Drilling was Casarotto's "employer" as defined in the FLSA.

16. A written consent form for Casarotto is being filed with this Collective Action Complaint.

### Exploration Drilling Industries, Inc.

17. Exploration Drilling has owned and or operated Exploration Drilling, Inc., during the relevant period.

3

18. Exploration Drilling is a foreign business corporation organized and existing under the laws of Montana.

19. Exploration Drilling's is headquartered in Sidney, Montana.

20. Exploration Drilling is a covered employer within the meaning of the FLSA, and, at all times relevant, employed Casarotto and similarly situated employees.

21. At all times relevant, Exploration Drilling maintained control, oversight, and direction over Casarotto and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

22. Exploration Drilling applies the same employment policies, practices, and procedures to all flowback operators at Exploration Drilling, including policies, practices, and procedures with respect to the payment of overtime compensation.

23. Upon information and belief, at all times relevant, Exploration Drilling's annual gross volume of sales made or business done was not less than $500,000.00.

24. Exploration Drilling has retained outside counsel who has arranged for service of process.

## FACTS

25. During the course of his employment, Casarotto worked at least 12 hours per day, generally and anywhere from 20 to 35 days straight, performing non-exempt duties.

26. At Exploration Drilling flowback operator's primary job duties are related to operating and monitoring oil wells.

27. Exploration Drilling requires flowback operators to inspect oil gages to ensure that they are operating at the correct pressure and to relieve pressure if necessary.

28. Flowback operators also record operating data such as quantities of oil produced, gauging results, and operating times.

29. Additionally, flowback operators plan the movement of waste and oil produced by contacting off-site drivers to coordinate pick up times.

30. Although flowback operators coordinate the transportation of waste and oil, they are not responsible for the actual transportation.

31. Exploration Drilling provides complete solids control service to its customers.

32. Exploration Drilling's flowback operators perform the primary type of work Exploration Drilling performs for its customers.

33. The work Exploration Drilling's flowback operators perform is an essential part of the service Exploration Drilling performs for its customers.

34. Exploration Drilling's flowback operators rely on Exploration Drilling for their work.

35. Exploration Drilling determined where its flowback operators worked and how they performed their duties.

36. Exploration Drilling sets flowback operators' hours.

37. Exploration Drilling's flowback operators work exclusively for Exploration Drilling during their employment.

5

38. The flowback operators generally work for Exploration Drilling for months on end.

39. While working for Exploration Drilling, the flowback operators are not permitted to hire other workers to perform their jobs for them.

40. The flowback operators do not employ any staff, nor do they maintain independent places of business.

41. Exploration Drilling's flowback operators are paid based on the shifts they work.

42. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Exploration Drilling (or its client) each day.

43. The flowback operators cannot suffer a loss of capital investment.

44. Their only earning opportunity was based on the number of shifts they were allowed to work, which was controlled by Exploration Drilling.

45. Exploration Drilling pays the flowback operators in return for their labor.

46. Exploration Drilling maintains control over pricing of the services its flowback operators provide.

47. Exploration Drilling negotiates the rates charged to its clients for the flowback operators' services and collects payment for these services directly from its clients.

48. Like all Exploration Drilling flowback operators, Casarotto received a day rate as his only form of compensation and did not receive overtime compensation when he worked over 40 hours in a workweek.

49. Casarotto performed duties typical of a flowback operator employed by Exploration Drilling.

50. While Casarotto often worked in excess of 84 hours in a week, he never received overtime pay.

51. Exploration Drilling owes Casarotto, and the other flowback operators, like him, overtime wages.

52. By failing to pay its flowback operators time and a half for each overtime hour worked over 40 in a workweek, Exploration Drilling violated the FLSA.

## COLLECTIVE / CLASS ALLEGATIONS

53. Casarotto brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who have worked as flowback operators at Exploration Drilling nationwide, who elect to opt-in to this action (the "FLSA Collective").

54. Casarotto brings the Second Cause of Action, an overtime claim under North Dakota state law, on behalf of himself and all similarly situated persons who have worked as flowback operators at Exploration Drilling in North Dakota (the "North Dakota Class").

55. Exploration Drilling is liable under the FLSA for, *inter alia,* failing to properly compensate Casarotto and other similarly situated flowback operators.

56. Consistent with Exploration Drilling's policy and pattern or practice, Casarotto and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

57. All of the work that Casarotto and the members of the FLSA Collective have performed has been assigned by Exploration Drilling, and/or Exploration Drilling has been aware of all of the work that Casarotto and the FLSA Collective have performed.

58. As part of its regular business practice, Exploration Drilling has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Casarotto and the members of FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   (a) willfully failing to pay its employees, including Casarotto and the members of the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

   (b) willfully failing to record all of the time that its employees, including Casarotto and the members of the FLSA Collective, have worked for the benefit of Exploration Drilling.

59. Exploration Drilling is aware or should have been aware that federal law required it to pay Casarotto and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

60. Casarotto and the members of the FLSA Collective perform or performed the same primary duties.

61. Exploration Drilling's unlawful conduct has been widespread, repeated, and consistent.

62. There are many similarly situated current and former flowback operators who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

63. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

64. Those similarly situated employees are known to Exploration Drilling, are readily identifiable and can be located through Exploration Drilling's records.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

65. Casarotto realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Exploration Drilling has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

67. At all relevant times, Casarotto and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68. At all relevant times, Exploration Drilling employed Casarotto and the FLSA Collective.

69. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Exploration Drilling.

70. At all relevant times, Exploration Drilling has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

71. At all times relevant, Casarotto and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

72. Exploration Drilling has failed to pay Casarotto and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

73. Exploration Drilling's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

74. Exploration Drilling has not made a good faith effort to comply with the FLSA with respect to its' compensation of Casarotto and the FLSA Collective.

75. Because Exploration Drilling's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

76. As a result of Exploration Drilling's willful violations of the FLSA, Casarotto and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

77. As a result of the unlawful acts of Exploration Drilling, Casarotto and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

78. Casarotto realleges and incorporates by reference all allegations in all preceding paragraphs.

79. Exploration Drilling has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

80. The conduct alleged violates North Dakota Century Code Title 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin. Code § 46-02-07-01 et seq.) (the "North Dakota Wage Laws").

81. At all relevant times, Exploration Drilling was subject to the requirements of the North Dakota Wage Laws.

82. At all relevant times, Exploration Drilling employed each member of the North Dakota Class as an "employee" within the meaning of the North Dakota Wage Laws.

83. The North Dakota Wage Laws require an employer like Exploration Drilling to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week.

84. Casarotto and the members of the North Dakota Class were entitled to overtime pay under the North Dakota Wage Laws.

85. Within the relevant period, Exploration Drilling had a policy and practice of failing to pay overtime to Casarotto and each member of the North Dakota Class for hours worked in excess of 40 hours per workweek.

86. Casarotto and each member of the North Dakota Class are entitled to unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

87. Casarotto and each member of the North Dakota Class are entitled to attorneys' fees, costs, and expenses of this action, to be paid by Exploration Drilling, as provided by North Dakota law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Casarotto, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Casarotto be allowed to give notice of this collective action, or that the Court issue such notice, to all flowback operators and similarly situated employees who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Exploration Drilling.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

  B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

  C. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

  D. Reasonable attorneys' fees and costs of the action; and

  E. Such other relief as this Court shall deem just and proper.

DATED this 20th day of May, 2015.

      McGrady Law Firm


      By: /s/ Philip McGrady
        Philip McGrady
        Attorney for the Plaintiffs

**OF COUNSEL:**

Joseph A. Fitapelli
Frank J. Mazzaferro
**FITAPELLI & SCHAFFER, LLP**
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile