James M. Ragain
Ragain & Cook, PC
3936 Avenue B, Suite A-2
Billings, MT  59102
Telephone:  406-651-8888
Facsimile:    406-651-8889
jim@ragaincook.com

*Attorney for Defendant*

## IN UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| PAUL CASAROTTO, on behalf of Himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXPLORATION DRILLING, INC.,<br><br>Defendant. | Case No. CV-15-00041-SPW-CSO<br><br><br>**EXPLORATION DRILLING, INC.'S ANSWER TO COMPLAINT** |

Defendant, EXPLORATION DRILLING, INC. (ED, INC.) responds to the

allegations contained in Plaintiff's Collective/Class Action Complaint.

1.      The allegations of ¶1 are characterizations which require no response;

if response is required, they are denied.

2.      As to the allegations of ¶2, ED, Inc. is a Montana corporation;

otherwise, denied, except it can neither admit nor deny allegations regarding

"Exploration Drilling" for lack of knowledge, information or belief because it is not known what entity is referred to.

3.      As to the allegations of ¶3, ED, Inc. has employed individuals with job titles of "flowback operators"; otherwise, the allegations are denied, except it can neither admit nor deny allegations regarding "Exploration Drilling" for lack of knowledge, information or belief because it is not known what entity is referred to.

4.      The allegations of ¶4 are denied, except it can neither admit nor deny allegations regarding "Exploration Drilling" for lack of knowledge, information or belief because it is not known what entity is referred to.

5.      The allegations of ¶5 are denied, except it can neither admit nor deny allegations regarding "Exploration Drilling" for lack of knowledge, information or belief because it is not known what entity is referred to.

6.      The allegations of ¶6 are characterizations which require no response; if response is required, they are denied for lack of knowledge, information or belief because it is not known what entity is referred to.

7.      As to ¶7, ED, Inc. does not dispute jurisdiction over FLSA claims; otherwise, no response is required.

8.      The allegations of ¶8 are characterizations which require no response; if response is required, they are denied.

9.     The allegations of ¶9 are characterizations which require no response; if response is required, they are denied.

10.     As to the allegations of ¶10, ED, Inc. cannot admit or deny the citizenship of Casarotto for lack of knowledge and it can neither admit nor deny allegations regarding "Exploration Drilling" for lack of knowledge, information or belief because it is not known what entity is referred to.

11.     As to ¶11, ED, Inc. has offices in this district and venue is not disputed; otherwise, denied.

12.     As to ¶12, admitted that Casarotto was employed by ED, Inc. from September 26, 2013 until his termination by ED, Inc. on May 10, 2014 for sleeping on the job; otherwise, denied, except it can neither admit nor deny allegations regarding "Exploration Drilling" for lack of knowledge, information or belief because it is not known what entity is referred to.

13.     As to ¶13, admitted that Casarotto was employed by ED, Inc. from September 26, 2013 until his termination on May 10, 2014, 2014 for sleeping on the job and while employed performed work in North Dakota; otherwise, denied, except it can neither admit nor deny allegations regarding "Exploration Drilling" for lack of knowledge, information or belief because it is not known what entity is referred to.

14.     As to ¶14, it can neither admit nor deny allegations regarding "Exploration Drilling" for lack of knowledge, information or belief because it is not known what entity is referred to; therefore denied.

15.     As to ¶15, it can neither admit nor deny allegations regarding "Exploration Drilling" for lack of knowledge, information or belief because it is not known what entity is referred to; therefore denied.

16.     The allegations of ¶16 do not require a response.

17.     The allegations of ¶17 are denied; ED, Inc. does not have a parent company and does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

18.     As to the allegations of ¶18, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

19.     As to the allegations of ¶19, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

20.     As to the allegations of ¶20, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

21.     As to the allegations of ¶21, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

22.     As to the allegations of ¶22, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

23.     As to the allegations of ¶23, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

24.     As to the allegations of ¶24, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

25.     The allegations of ¶25, are denied, except it is admitted that ED, Inc. employed him for a short time.

26.     The allegations of ¶26, are denied; otherwise, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

27.     As to the allegations of ¶27, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

28.     As to the allegations of ¶28, a flowback operator may have those administrative duties at times.

29.     As to the allegations of ¶29, a flowback operator may have those administrative duties at times.

30.     As to the allegations of ¶30, a flowback operator may have those administrative duties at times.

31.     As to the allegations of ¶31, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

32.     As to the allegations of ¶32, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

33.     As to the allegations of ¶33, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

34.     As to the allegations of ¶34, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

35.     As to the allegations of ¶35, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

36.     As to the allegations of ¶36, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

37.    As to the allegations of ¶37, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

38.    As to the allegations of ¶38, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

39.    As to the allegations of ¶39, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

40.    ED, Inc. can neither admit nor deny the allegations of ¶40 for lack of knowledge, information or belief; therefore denied.

41.    As to the allegations of ¶41, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

42.    As to the allegations of ¶42, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor

deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

43.     As to the allegations of ¶43, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

44.     As to the allegations of ¶44, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

45.     As to the allegations of ¶45, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

46.     As to the allegations of ¶46, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

47.     As to the allegations of ¶47, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor

deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

48.     As to the allegations of ¶48, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; otherwise, denied.

49.     As to the allegations of ¶49, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; otherwise, denied.

50.     As to the allegations of ¶50, ED, Inc. does not have a parent company and does not know what the asserted entity "Exploration Drilling" is and therefore can neither admit nor deny allegations respecting that entity for lack of information; otherwise, denied.

51.     As to the allegations of ¶51, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.; otherwise, denied.

52.     As to the allegations of ¶52, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor

deny allegations respecting that entity for lack of knowledge, information or belief; otherwise, denied.

53.     The allegations of ¶53 are characterizations which require no response; if response is required, they are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

54.     The allegations of ¶54 are characterizations which require no response; if response is required, they are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

55.     The allegations of ¶55 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

56.     The allegations of ¶56 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

57.     The allegations of ¶57 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

58.     The allegations of ¶58 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

59.     The allegations of ¶59 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

60.     The allegations of ¶60 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

61.     The allegations of ¶61 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

62.     The allegations of ¶62 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

63.     The allegations of ¶63 are characterizations which require no response; if response is required, they are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

64.     As to the allegations of ¶64 , ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

65.     ED, Inc. incorporates by reference  ¶¶1-64 of this Answer in response to ¶65.

66.     The allegations of ¶66 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

67.     As to the allegations of ¶67, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

68.     As to the allegations of ¶68, ED, Inc. admits that it employed Casarotto for a short time; otherwise, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

69.     The "allegations" of ¶69 are legal arguments or characterization which do not require responses; if response is required denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

70.     The allegations of ¶70 are denied and ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

71.     As to the allegations of ¶71 ED, Inc. admits that it employed Casarotto for a short time, otherwise ED, Inc. does not know what the asserted

entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; otherwise denied.

72.     The allegations of ¶72 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

73.     The allegations of ¶73 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

74.     The allegations of ¶74 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

75.     The allegations of ¶75 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

76.     The allegations of ¶76 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

77.     The allegations of ¶77 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.  Additionally, it is denied that any relief is proper against ED, Inc.

78     ED, Inc. incorporates by reference  ¶¶1-77 of this Answer in response to ¶78.

79.     The allegations of ¶79 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

80.     The "allegations" of ¶80 are legal arguments which do not require responses; if response is required, denied.

81.     The allegations of ¶81 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can

neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

82.     As to the allegations of ¶82, ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief; therefore denied.

83.     The "allegations" of ¶83 are legal arguments which do not require responses; if response is required, denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

84.     The "allegations" of ¶84 are legal arguments which do not require responses; if response is required, denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

85.     The allegations of ¶85 are denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

86.     The "allegations" of ¶86 are legal arguments which do not require response; if response is required, denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

87.     The "allegations" of ¶87 are legal arguments or characterizations which do not require response; if response is required, denied, except ED, Inc. does not know what the asserted entity "Exploration Drilling" is or refers to and therefore can neither admit nor deny allegations respecting that entity for lack of knowledge, information or belief.

## AFFIRMATIVE DEFENSES

The following affirmative defenses are alleged in the alternative:

88.     The Complaint fails to state a cause of action, in whole or part, upon which relief can be granted.

89.     ED, Inc. asserts all applicable statutes of limitation, including those of the FLSA, Montana law and the two (2) year statute under North Dakota law.

90.     ED, Inc. asserts all applicable exclusions under 29 U.S.C. §207(e).

91.     ED, Inc. asserts that Plaintiff is not entitled to be paid for hours not worked, including meals, sleeping during his shift, and playing games during his shift.

92.     Plaintiff is not entitled to recover compensation for time not compensable under the FLSA.

93.     ED, Inc. asserts that Casarotto was a highly compensated employee and the exemptions/exclusions of 29 C.F.R., §541.601 are asserted.

94.     ED, Inc. asserts payment – Plaintiff was paid for all hours he worked.

95.     ED, Inc. denies that this matter is appropriate for certification as a collective action under the FLSA.  Additionally, ED, Inc. denies that Plaintiff is an adequate and/or proper representative of the purported collective action class for which he seeks to represent.

96.     Plaintiff directly or implicitly agreed to ED, Inc.'s pay practices by his actions.

97.     ED, Inc. pleads offset and overpayment credits as allowed by applicable law.

98.     Plaintiff waived his right to and/or is estopped from asserting all or some claims.

99.     ED, Inc. asserts the defense of good faith, reasonableness and 29 U.S.C. §260.

100.   ED, Inc. asserts defenses of res judicata, claim preclusion, and collateral estoppel.

101.   ED, Inc. asserts the defenses of *di minimis curat lex*.

WHEREFORE, Defendant, EXPLORATION DRILLING, INC. requests that plaintiff take nothing by his suit and that EXPLORATION DRILLING, INC. have and recover its costs and such other and further relief, general or special, legal or equitable, to which it may be justly entitled.

### Demand for Jury Trial

Defendant demands trial by jury of this cause.

DATED this 7th day of July, 2015.

                                        /s/  James M. Ragain

                                        James M. Ragain
                                        RAGAIN & COOK, PC
                                        3936 Avenue B, Suite A-2
                                        Billings, MT  59102
                                        Telephone:  (406) 651-8888
                                        Fax:  (406) 651-8889
                                        jim@ragaincook.com

                                        *Attorney for Defendant*

OF COUNSEL:

HUGHES WATTERS ASKANASE, L.L.P.
C. Ed Harrell
Texas Bar No.: 09042500
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002-7354
Email: eharrell@hwa.com
(713) 759-0818 Telephone
(713) 759-6834 Facsimile

PELZ & ASSOCIATES
Harlan Pelz
Colorado Bar No.: 5639
Ste. 500, 4155 E. Jewell Avenue
Denver, Colorado 80222
Email: hppelz@pelzlaw.com
(303) 409-3567 Telephone
(303) 758-8237 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of July, 2015, a copy of the foregoing

was served as follows:

Clerk, U.S. District Court                    [ ]  U.S Mail
                                              [ ]  Federal Express
                                              [ ]  Facsimile
                                              [ ]  Hand-Delivery
                                              [ ]  Email
                                              [x ]  CM/ECF

Philip L. McGrady                             [ ]  U.S Mail
McGrady Law Firm, Inc.                        [ ]  Federal Express
PO Box 40                                     [ ]  Facsimile
Park City MT 59063                            [ ]  Hand-Delivery
                                              [ ]  Email
                                              Philip@mcgradylawfirm.com
                                              [x ]  CM/ECF

By:____/s/ James M. Ragain_____
James M. Ragain
RAGAIN & COOK, PC

*Attorney for Defendant*