# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| PAUL CASAROTTO, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>EXPLORATION DRILLING, INC.<br><br>　　　　　　Defendant. | CV 15-41-BLG-SPW-CSO<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Paul Casarotto ("Casarotto") brings this action, on behalf of himself and others similarly situated, against Defendant Exploration Drilling, Inc. ("Exploration"). His first cause of action alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and his second cause of action alleges violations of North Dakota wage laws.

Now pending is Casarotto's Motion for Conditional Certification and Notice. *ECF 27.* Having considered the parties' submissions, the Court recommends as follows.

## I.　RELEVANT BACKGROUND

Casarotto was employed by Exploration as a Flowback Operator from September 26, 2013, to May 10, 2014. *ECF 18.* Casarotto alleges

that he received a day rate as his only form of compensation and did not receive overtime compensation when he worked over 40 hours in a workweek. *ECF 1* at ¶48. As a Flowback Operator, he states that he assisted in the operation and monitoring of oil wells by "inspecting oil gages to ensure that they are operating at the correct pressure and to relieve pressure if necessary." *ECF 28-4* at 4. He states he would also record operating data and coordinate the transportation of waste and oil. In this capacity, he states that he worked at "approximately 10 to 15 sites in North Dakota." *Id.* at 2–3.

Since this action was filed on May 20, 2015, nine other Flowback Operators have filed consents to opt-in to this case. *ECF 26.* In the instant motion, Plaintiffs seek conditional certification for the FLSA collective action, which would permit court-authorized notices to be sent to potential opt-in Plaintiffs. *ECF 27.* The class proposed by Casarotto consists of "all flowback operators employed by Exploration during the last three years." *ECF 28* at 7.

## II.   PARTIES' ARGUMENTS

Casarotto argues that the Court should conditionally certify a collective action under FLSA, 29 U.S.C. § 216(b), to authorize the

issuance of opt-in notices to other Flowback Operators that have worked for Exploration over the past three years. *ECF 28*. He argues that the potential class members are similarly situated based on the showing that they all:

> 1) were employed as flowback operators by Exploration; 2) performed similar duties; 3) had primary duties of assisting in the operation and monitoring of oil wells; 4) regularly worked overtime; 5) performed the same core job functions while being treated (and paid) by Exploration in the same manner; and 6) were denied overtime pay by Exploration due to their misclassification.

*ECF 28* at 14. He argues that each potential plaintiff worked at multiple sites for Exploration and at each site performed the same duties, worked overtime, and were denied overtime pay. *Id.*

Additionally, he argues: (1) the proposed notice should be sent to all Flowback Operators employed by Exploration since May 20, 2012, *id.* at 17; (2) a reminder notice should be sent out half-way through the notice period, *id.* at 18; (3) Exploration should be ordered to post the notice in a conspicuous location where Flowback Operators are stationed, *id.*; (4) the three-year statute of limitations should apply because the violation was willful, *id.* at 19; (5) the Court should toll the statute of limitations until notice can be sent out based on the

procedural delay created in ruling on the motion, *id.* at 20–21; (6) the Court should include 236 days of pre-litigation tolling when determining the start of the notice period, *id.* at 21; and (7) that Exploration produce "a computer-readable list of the names, last known addresses, alternate addresses, telephone numbers, work locations, and dates of employment for all flowback operators employed by Exploration since May 20, 2012" as well as "social security numbers only for those individuals whose consent forms are returned undeliverable and enter into a confidentiality agreement with Exploration regarding the use of social security numbers." *Id.* at 20.

In response, Exploration argues that: (1) the Court should apply the "spurious class action" approach to determine whether the potential plaintiffs are similarly situated, *ECF 31* at 14; (2) under either the spurious class action approach or the two-step approach, Casarotto has not met his burden to show he is similarly situated to the others in the putative class, *id.* at 12; (3) the declarations provided by Casarotto should be stricken because they are neither testimonial nor evidentiary and thus incompetent, *id.* at 8–10; (4) the claim is premised on alleged misclassification, which is highly individualized and not properly

manageable as a collective action, *id.* at 11–12; (5) Casarotto was highly

compensated and performed exempt duties, *id.* at 17; and (6) Casarotto

has highly individualized issues that make him dissimilar to other

flowback operators because he was fired for sleeping during his shift,

already filed an unsuccessful wage claim with the Montana Department

of Labor, never complained about his pay or overtime, and did not raise

the overtime issue before the Montana Department of Labor, *id.* at 17–

18.

Exploration argues that if conditional certification is granted, the

proposed notice is inappropriate because it does not respect the

requirements of judicial neutrality and contains incorrect or misleading

statements. *Id.* at 18–20. It argues the reminder notice contains the

same defects but is additionally improper because it is an attempt to

spur action. *Id.* at 20.

In addition to the form of the notice, Exploration objects to the

breadth of information requested by Casarotto, and argues it should be

limited to the parameters set out in the Scheduling Order (*ECF 25*), and

include only names, mailing addresses, and email addresses. *ECF 31* at

24. It argues the additional information is burdensome as well as

"overbroad, unsupported, and impermissibly invasive of personal privacy rights of non-parties." *Id.* at 24–25.

Based on Casarotto's arguments regarding the statute of limitations, Exploration argues that: (1) the request for equitable tolling is without merit because the procedural delay asserted is not sufficient justification, *id.* at 20–23; (2) Casarotto has not shown that the three-year statute of limitations is justified and has not made the requisite showing of willfulness, *id.* at 23; and (3) instead of making a decision on conditional certification now, the Court should allow the parties to conduct a few months of discovery to better determine whether the claims are of similarly situated members. *Id.* at 26.

In reply, Casarotto argues that: (1) plaintiffs have adequately shown there are other employees similarly situated based on job requirements, pay provisions, and misclassification, which prevented payment for overtime, *ECF 32* at 2–11; (2) the declarations are appropriately based on Plaintiff's knowledge and do not need to meet the evidentiary standards required at the summary judgment stage, *id.*; (3) case law does not support application of the spurious class action approach, *id.*; (4) Exploration's merit based arguments and defenses are

premature because such arguments are not considered at this point in the test for determining certification, *id.*; (5) Exploration's assertion that individualized differences defeat conditional certification is unsupported by evidence, *id.*; (6) the Complaint contains substantial allegations that Exploration acted willfully, justifying the extended statute of limitations; *id.* at 12; (7) pre-litigation tolling of 236 days should be included, *id.* at 13; (8) Exploration failed to provide a valid objection to a reminder notice, *id.* at 13–14; and (9) additional discovery is unnecessary and should be used as part of a motion for decertification instead. *Id.*

Finally, Casarotto requests a hearing regarding the form and content of the notice and reminder notice. *Id.* at 14.

## III.　LEGAL STANDARD

Under the FLSA, employees are afforded a private right of action to sue an employer for violations of the act "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To become a party to such an action, a similarly situated employee must consent, in writing, and the consent must be filed with the court in which the action is brought. Although "similarly situated"

has not been defined by the Supreme Court or the Ninth Circuit, the majority of courts within the Ninth Circuit have adhered to a two-step certification procedure for FLSA collective actions. *Kellgren v. Petco Animal Supplies, Inc.*, 2015 WL 5167144, at *2 (S.D. Cal. Sept. 3, 2015); *Bower v. Cycle Gear, Inc*, 2015 WL 2198461, at *1 (N.D. Cal. May 11, 2015); *Guy v. Casal Inst. of Nevada, LLC*, 2014 WL 1899006, at *3 (D. Nev. May 12, 2014).

At step one, generally referred to as the notice stage, the court makes a preliminary determination whether to conditionally certify a class under § 216(b) and send notice to potential class members, giving them the opportunity to join the action. *Guy*, 2014 WL at *3. If a collective action is certified at the notice stage, the court is authorized to monitor the preparation and distribution of notice to the putative class members. *Bower*, 2015 WL at *1.

The second step of the certification process, generally prompted by a motion for decertification, occurs at the close of discovery. *Id.* The standard to determine whether plaintiffs are similarly situated is much stricter. Courts review several factors in determining the propriety and scope of the class, including "(1) the disparate factual and employment

settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004).

## IV.  DISCUSSION

### A.  Conditional Certification Test

Exploration argues the Court should apply the "spurious class action" approach rather than the two-step approach in analyzing conditional certification. *ECF 31* at 14–15. The spurious class action approach requires a plaintiff to satisfy the requirements under Federal Rule of Civil Procedure 23, in demonstrating the putative class members are similarly situated.  The Court rejects this argument, joining the many courts that have ruled that collective actions under FLSA are not subject to Rule 23's requirements.  FLSA collective actions are procedurally distinct from Rule 23 class actions. *Lillehagen v. Alorica, Inc.*, 2014 WL 2009031, at *5 (C.D. Cal. May 15, 2014); *Thiessen v. Gen. Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

Exploration provides no sufficient justification for diverging from the approach used by the majority of district courts within the Ninth Circuit, and the approach commonly used in five other circuits. *Lillehagen*, 2014 WL at *4; *see White v. Baptist Meml. Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *Thiessen*, 267 F.3d at 1105. Based on the distinct nature of collective actions under FLSA, and in line with the majority of courts within the Ninth Circuit, the Court will apply the two-step approach. Based on this approach, Exploration's request for additional discovery prior to deciding whether to grant conditional certification is unnecessary because information gained from discovery is more properly presented as part of a motion for decertification at step two.

## B. <u>Notice Stage</u>

In considering conditional certification at the notice stage, courts rely primarily on the pleadings and any affidavits submitted by the parties to determine if the putative class members are similarly

situated.  *Guy*, 2014 WL at *9.  The Court applies a fairly lenient standard because the court has minimal evidence to make its determination.  *Id.*  Essentially, a plaintiff need only make "'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan' in order to make a sufficient showing for certification."  *Bower*, 2015 WL at *1 (quoting *Thiessen*, 267 F.3d at 1102).

In support of conditional certification, Casarotto filed six declarations, one from Casarotto and five from other putative class members.  Each of these declarations asserts that the declarant was employed by Exploration as a flowback operator with similar duties, was paid a set day rate, regularly worked over 40 hours a week, and knew of other flowback operators employed by Exploration who also were paid a set daily rate and did not receive overtime. *See ECF 28-4; 28-5; 28-6; 28-7; 28-8; 28-9.*

The Court finds that Casarotto has met his burden of showing that he and the putative class members are similarly situated. Exploration objects to the declarations submitted by Casarotto as incompetent and defective.  *ECF 31* at 9–10.  But this Court finds more

persuasive the reasoning of those courts in the Ninth Circuit and elsewhere that have found that, at the notice stage, evidence submitted in support of a motion for conditional certification need not meet the admissibility standard applicable to summary judgment or the rules of evidence. *Guy*, 2014 WL at *5. A strict application of the rules of evidence would defeat the purpose of the two-step analysis — especially where a plaintiff has not yet conducted discovery. *See White v. MPW Indus. Services, Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006). Under this more lenient standard, the use of "similarly worded or even 'cookie cutter' declarations" is not necessarily fatal at this stage. *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1120 (W.D. Wash. 2011).

Exploration argues that several courts have found that merely alleging that a class of employees was wrongly classified as "exempt" does not constitute a showing of an unlawful, institution-wide policy, and therefore is not enough to show that putative class members are similarly situated. *ECF 31* at 16. Casarotto, however, provides declarations that go beyond merely asserting conditional certification should be based on an exemption designation. Though each declaration

is similarly worded, six declarants state that they: (1) worked at numerous sites; (2) had similar job duties; (3) were all paid a set daily rate; (4) regularly worked over 40 hours in a week but were not paid overtime; and (5) talked to and observed other Flowback Operators with similar duties, pay and work hours. *See ECF 28-4; 28-5; 28-6; 28-7; 28-8; 28-9.*

Next, Exploration argues that Casarotto is subject to one or more exemptions from the FLSA, and thus complex and highly individualistic issues exist for each individual putative class member. *ECF 31* at 17–18. It argues that Casarotto slept on the job, was fired for sleeping, previously filed a claim before the Montana Department of Labor, and never complained about his pay or lack of overtime. *Id.* It argues that these unique circumstances compel rejection of conditional certification. *Id.* But "considerations involving the merits of claims are more appropriately addressed at the second stage of the analysis when less facts are in dispute." *Kellgren*, 2015 WL at *4. At the second step of the conditional certification test, the court considers several factors, including the "disparate factual and employment settings of the individual plaintiffs" and "the various defenses available to defendant

which appear to be individual to each plaintiff." *Hensley v. Eppendorf N.A., Inc.*, 2014 WL 2566144, at *6 (S.D. Cal. June 6, 2014) (quoting *Thiessen*, 267 F.3d at 1103)) (internal quotations omitted). These assertions, in addition to the declaration provided by Exploration, are not enough to overcome the evidence provided by Casarotto that the putative class members are similarly situated.

### C. Statute of Limitations

Casarotto makes three arguments in regard to the statute of limitations, he argues that: (1) the three-year statute of limitations applicable to willful violations should be applied at the conditional certification stage, *ECF 28* at 19; (2) the statute of limitations be tolled from the time he filed the motion for conditional certification until notice is sent to the putative class members, *id.* at 20–21; and (3) the Court include pre-litigation tolling of 236 days while the parties engaged in discussions to resolve the matter, *id.* at 21; *ECF 32* at 11–12.

First, in determining whether the three-year statute of limitations applies, the Plaintiff must show that the employer "either knew or showed reckless disregard for the matter of whether its conduct was

prohibited by the statute." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988). Casarotto has not made a sufficient showing that Exploration either knew or showed reckless disregard such that the Court can make a final determination on this statute of limitations issue. But the final determination should be made at the second stage of the test for certification. Thus, to effectively facilitate notification to putative class members, notice may be sent to those within the three-year statute of limitations. *See Foschi v. Pennella*, 2014 WL 6908862 at * 6 (D. Az. 2014).

Second, Casarotto argues the Court should impose equitable tolling based on the procedural delay caused by the time required for a court to rule on a motion for conditional certification. *ECF 28* at 20–21. Equitable tolling "applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Bower*, 2015 WL at *2 (quoting *Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir. 1999)). As a general rule, this equitable relief is awarded only sparingly. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) (finding no basis for equitable

tolling of 30-day period for brining employment discrimination action against United States following receipt of EEOC right-to-sue letter).

Some courts within the Ninth Circuit have allowed equitable tolling in FLSA actions for the delay in deciding a motion for conditional certification or the potential delay that may occur in providing the information needed to send notice to the putative class members. *Guy*, 2014 WL at *9; *Small v. U. Med. Ctr. of S. Nevada*, 2013 WL 3043454, at *4 (D. Nev. June 14, 2013); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007). These courts have reasoned that allowing the statute of limitations to be tolled during the pendency of a motion for conditional certification balances the interests of both parties. *Adams*, 242 F.R.D. at 543. Plaintiffs bear no fault for the delay because they have sought the information, but defendants are only required to provide the contact information after conditional certification of the collective class. *Id.* The court in *Adams*, reasoned that tolling this time period counters any advantage gained by withholding information until the last possible moment, and protects plaintiffs who have diligently sought the information. *Id.*

The Court is persuaded that the procedural delay incurred by the motion for conditional certification in this case warrants equitable tolling, particularly where there is additional delay due to the Findings and Recommendation process issuing from the undersigned referral judge to the presiding judge. Although there has not been a significant delay in the issuance of this decision, the time between filing the motion and the ultimate receipt of the information on putative class members may prejudice some potential plaintiffs. Thus, the Court recommends that the statute of limitations be equitably tolled between the date the motion for conditional certification was filed and the date the contact information on putative class members is provided to Casarotto.

Third, Casarotto asks that the Court "include the parties pre-litigation tolling of 236 days when determining the start date of notice." *ECF 32* at 13. Neither party has sufficiently addressed whether Casarotto is entitled to this tolling. The Court finds no justification at this stage to apply this tolling to the putative class members.

D. **Adequacy of Proposed Notice**

1. **Proposed Notice**

Each party has submitted a proposed notice to be used if

conditional certification is granted. The parties disagree about details of the notice, including the use of the court caption on the notice, a disclaimer indicating the Court has not taken a position on the merits of the case, and various other details on the notice. *ECF 31* at 18–20; *ECF 31-2; ECF 31-3; ECF 28-2.* If the motion for conditional certification is granted, the Court recommends that the notice appended to this motion be utilized.

## 2. Reminder Notice

Casarotto argues that the Court should authorize a reminder notice to be sent out half-way through the notice period because people often disregard collective action notices and because Courts "regularly authorize reminder mailings in order to increase the chance that workers will be informed of their rights." *ECF 28* at 18. Exploration argues that a reminder notice is an improper attempt to spur action. *ECF 31* at 20. But the Court is persuaded that a simple reminder notice is advisable because it is possible that the initial notices may be lost before or after receipt by potential class members. The Court recommends that Casarotto be authorized to send reminder notices on the form attached.

### 3. Posting of Notice

Casarotto argues that the Court should "order Exploration to post the Notice in a conspicuous location to where Flowback Operators are stationed" and asserts that these requests are routinely granted. *ECF 28* at 18. Casarotto, however, provides no justification for requiring such a posting in this action. It is clear from the affidavits on file that there are many possible locations at issue and, at this juncture, little information has been provided to the Court about those locations. Casarotto has not shown that a posting is necessary at all the various locations, nor explained why the mailing of two notices is not sufficient. The putative class members will be mailed a notice, and a reminder notice. No exigent circumstances suggest that additional postings are necessary or would be effective.

### 4. Scope of Information Provided

Casarotto requests "the Court direct Exploration to produce a computer-readable list of names, last known addresses, alternate addresses, telephone numbers, work locations, and dates of employment for all flowback operators employed by Exploration since May 20, 2012." *ECF 28* at 20. Exploration objects to the breadth of this request, and

argues it should be limited to providing the names, mailing addresses, and email addresses, as indicated in the Scheduling Order. *ECF 31* at 24–26. It argues that providing more is unnecessary and burdensome, and that some of the requested information raises privacy and security concerns. *Id.* Casarotto does not respond to this argument, but instead requests only "the names, mailing addresses and email addresses" in his reply brief. *ECF 32* at 14.

Casarotto does not assert any unique circumstances or concerns in this case, and the Court finds none, for needing additional information beyond names, mailing addresses, and email addresses. The proposed consent form provides for the recipient to disclose the majority of the requested information on the form, and once a person has decided to opt-in, he or she can provide the additional information at that time.

Thus, Exploration must provide the names, last known addresses, and email addresses for all Flowback Operators employed by Exploration in the last three years.

## V.     <u>CONCLUSION</u>

Based on the foregoing, IT IS RECOMMENDED that:

(1) Plaintiff's Motion for Conditional Certification and Notice (*ECF 27*) be GRANTED in part as follows.

(2) Defendant have 7 calendar days to provide Plaintiff's Counsel, in readable electronic format, the names, mailing addresses, and email addresses of all putative members of the conditionally certified class. This class should include all Flowback Operators employed by Exploration in the last three years, from the date Plaintiff's motion was filed, August 19, 2015.

(3) Plaintiff's Counsel be given 7 additional calendar days to mail the Initial Notice (on the attached form) of the conditionally certified class to all putative class members and to file a Notice in this action that such notices have been mailed. Reminder Notices (on the attached form) may be sent 30 days after the Initial Notice. Plaintiffs must file a notice with the Court indicating the date the Reminder Notices were sent.

(5) All class members must opt-in within 60 days of the date the Initial Notices are mailed. No opt-ins should be permitted after that deadline passes.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 15th day of October, 2015.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **PAUL CASAROTTO, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | CV-15-41-BLG-SPW-CSO |
| **v.** | |
| **EXPLORATION DRILLING, INC.,** | |
| **Defendant.** | |

**IMPORTANT NOTICE TO FLOWBACK OPERATORS**

**TO:   ALL FLOWBACK OPERATORS EMPLOYED BY EXPLORATION DRILLING, INC. BETWEEN AUGUST 19, 2012 AND AUGUST 19, 2015**

**RE:   FAIR LABOR STANDARDS ACT LAWSUIT TO RECOVER ALLEGEDLY UNPAID WAGES**

**1.   INTRODUCTION**

This Notice is to inform you of a lawsuit alleging violations of the Fair Labor Standards Act (FLSA).  You have the right to participate in this suit.  This Notice explains how you may join the suit.

**The Court has not yet ruled on the merits of claims or defenses asserted by any party to the case.**

**2.   DESCRIPTION OF THE LAWSUIT**

Plaintiff Paul Casarotto has brought this case against Defendant Exploration Drilling, Inc., (Exploration) on behalf of himself and all current and former flowback operators employed by Exploration in the past three years.   Plaintiff contends Exploration failed to pay flowback operators overtime for hours worked in excess of 40 hours a week. Plaintiff seeks back overtime pay, additional damages in an amount equal to their unpaid overtime, plus attorneys' fees and costs.

Exploration claims it complied with all applicable laws and denies any wrongdoing.

## 3. HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed is a "Consent to Become a Party Plaintiff" ("Consent Form"). If you worked for Exploration as a flowback operator and want to join this suit, you must sign a Consent Form.

If you choose to join this lawsuit, you must read, sign and return the Consent Form. An addressed and postage paid envelope is enclosed for your convenience. Should the envelope be lost or misplaced, the Consent Form should be faxed to (212) 481-1333 or mailed to:

**Flowback Operator Overtime Lawsuit Against Exploration**
**FITAPELLI & SCHAFFER, LLP**
**475 PARK AVENUE SOUTH, 12TH FLOOR**
**NEW YORK, NEW YORK 10016**

If you complete the enclosed Consent form, you will be designating Plaintiffs and their attorneys to act on your behalf and to represent your interests. If you wish to discuss this matter, you may contact Plaintiff's attorneys directly at (212) 300-0375. By contacting Fitapelli & Schaffer, LLP (one of Plaintiff's attorneys), you will have the opportunity to discuss in detail the nature of the case and the terms of Plaintiff's attorney's representation.

If you do not file a consent form and join in this case, you will not be part of this suit. To claim any back wages for overtime or other relief, you would need to file an independent action within the time period provided by law.

## 4. YOUR TIME TO JOIN IS LIMITED

The signed Consent Form must be filed by [60 Days]. **If your signed Consent Form is not filed by [60 Days], you will lose the right to participate in any potential recovery obtained against Defendant in this lawsuit.**

## 5. NO RETALIATION PERMITTED

Federal law prohibits Exploration from terminating your employment, discharging you, or in any other manner discriminating against you because you opt-in to this case or in any other way exercise your rights under the Fair Labor Standards Act.

## 6. PLAINTIFF'S ATTORNEYS' CONTACT INFORMATION

Philip McGrady
**MCGRADY LAW FIRM**
P.O. Box 40
Park City, Montana 59063
(406) 322-8647 (Telephone)
(406) 322-8649 (Fax)

Richard J. Burch
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 (Telephone)
(800) 443-2441 (Toll-Free)
(713) 877-8065 (Fax)

Joseph A. Fitapelli
**FITAPELLI & SCHAFFER, LLP**
475 Park Avenue South, 12th Floor
New York, New York 10016
(212) 300-0375 (Telephone)
(212) 481-1333 (Fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **PAUL CASAROTTO, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | CV-15-41-BLG-SPW-CSO |
| **v.** | |
| **EXPLORATION DRILLING, INC.,** | |
| **Defendant.** | |

<u>**CONSENT FORM TO JOIN LAWSUIT**</u>

I worked as a flowback operator for Exploration and consent to be a party plaintiff in an action to recover unpaid overtime, wages and benefits. By my signature below, I designate the above representative Plaintiff and his attorneys as my agents to make decisions on my behalf concerning the litigation, the manner and method of conducting this litigation, attorneys' fees and costs and all other matters pertaining to this lawsuit.

<u>**Please print or type the following information:**</u>

| | |
|---|---|
| _____ | _____ |
| Full Name | Signature/Date |
| _____ | _____ |
| Address | City/State/Zip |
| _____ | _____ |
| Telephone Number | Approx. Dates of Employment |
| _____ | _____ |
| Email Address | Alternate Phone Number |

<u>**RETURN THIS FORM BY MAIL OR FAX (212) 481-1333 TO:**</u>

**Flowback Operator Overtime Lawsuit Against Exploration**
**Fitapelli & Schaffer, LLP**
**475 Park Avenue South, 12th Floor**
**New York, New York 10016**
**Telephone (212) 300-0375**

## <u>REMINDER – DEADLINE TO JOIN LAWSUIT IS</u>
### <u>(insert close of opt-in period date)</u>

  This notice is to remind you that the deadline to opt-in to the Fair Labor Standards Act lawsuit currently pending against Exploration Drilling, Inc., is <u>(insert close of opt-in period date)</u>. Further information about this Notice, the deadline for filing a Consent to Sue form, or answers to questions concerning this lawsuit may be obtained by contacting Plaintiff's counsel Fitapelli & Schaffer, LLP by: (a) telephone at (212) 300-0375; (b) e-mail at Info@fslawfirm.com; or (c) writing to Fitapelli & Schaffer, LLP, 475 Park Avenue South, 12th Floor, New York, New York 10016.

  The Court has taken no position in this case regarding the merits of the Plaintiff's claims or of the Defendant's defenses. Please do not telephone the Court regarding this notice.

  If you want to join the lawsuit, as detailed in the prior Notice that was mailed to you on (insert date of mailing of notice), please complete the attached "Consent" Form and return it to one of the following:

Philip McGrady
**McGrady Law Firm**
P.O. Box 40
Park City, Montana 59063
(406) 322-8647 (Telephone)
(406) 322-8649 (Fax)

Richard J. Burch
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 (Telephone)
(800) 443-2441 (Toll-Free)
(713) 877-8065 (Fax)

Joseph A. Fitapelli
**FITAPELLI & SCHAFFER, LLP**
475 Park Avenue South, 12th Floor
New York, New York 10016
(212) 300-0375 (Telephone)
(212) 481-1333 (Fax)