IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| PAUL CASAROTTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXPLORATION DRILLING, INC.,<br><br>Defendant. | CV 15-41-BLG-SPW-CSO<br><br>OPINION and ORDER |

Plaintiff Paul Casarotto moves the Court to conditionally certify a collective action and authorize the issuance of a notice to the putative class members pursuant to the Fair Labor Standards Act ("FLSA"). Defendant Exploration Drilling, Inc. ("Exploration") opposes the motion. On October 15, 2015, United States Magistrate Judge Carolyn Ostby issued Findings and Recommendations on the motion. In the Findings and Recommendations, Judge Ostby recommends that this Court grant in part Casarotto's motion and conditionally certify the class. Judge Ostby also recommends that this Court approve the Initial Notice and the Reminder Notice (collectively "Notices") attached to the Findings and Recommendations. Judge Ostby's recommended Notices are modified versions of Casarotto's proposed notices.

1

Exploration timely objected and is therefore entitled to de novo review of the specified findings or recommendations to which it objects. 28 U.S.C. § 636(b)(1). However, Exploration does not entirely comply with the Local Rule regarding objections. L.R. 72.3(b) requires the objecting party to itemize each recommendation to which an objection is made and set forth the authority relied upon to contradict that recommendation. At times, Exploration does not itemize Judge Ostby's conclusion to which it objects and provide contradicting authority, but rather makes conclusory statements and refers the Court back to its brief opposing the motion. For example, under a subheading entitled "Plaintiff was Dissimilar," objection number 5 states, in its entirety, "Plaintiff was a dissimilar employee. *See* Opposition, p. 12. The Magistrate incorrectly found the contrary (Findings, p. 11)." (Doc. 34 at 3). This Court will not consider such conclusory and unsupported objections.

Some of Exploration's objections are correctly stated and generally present the following arguments: (1) Judge Ostby erred by considering the declarations Casarotto attached to his opening brief; (2) Judge Ostby erred by applying the two-step approach; (3) Judge Ostby incorrectly recommends that this Court should equitably toll the statute of limitations; (4) Judge Ostby's proposed Notices are improper; and (5) Judge Ostby should have allowed preliminary discovery. For the following reasons, this Court adopts the Findings and Recommendations in full.

Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

## I. The Declarations

Exploration argues that the declarations of the other flowback operators attached to Casarotto's opening brief were incompetent and Judge Ostby erred by considering them. Exploration continues that the declarations do not meet the "exacting standards" of 29 U.S.C. § 216(b). The Court disagrees.

The Court initially notes the declarations were mostly based on personal knowledge. For example, Derek Faith declared that he frequently worked in excess of 84 hours per week and was paid a day rate regardless of the number of hours that he worked. (Doc. 28-5 at 3). Mr. Faith also described his duties as a flowback operator. (*Id.* at 3-4). Mr. Faith may have included some hearsay in his Declaration when he relayed information he learned from speaking with other flowback operators. (*Id.* at 3). But on the whole, Mr. Faith's Declaration (and the other five declarations) can hardly be described as "incompetent."

In any event, "evidence submitted in support of a motion for conditional certification does not have to meet the admissibility standard applicable to summary judgment motions." *Guy v. Casal Inst. of Nevada, LLC*, 2014 WL 1899006, at *4 (D. Nev. May 12, 2014). At the first step of class certification, the evidentiary rules are relaxed and hearsay may be considered. *Syed v. M-I, L.L.C.*,

3

2014 WL 6685966, at *6-7 (E.D. Cal. Nov. 26, 2014). Accordingly, Judge Ostby correctly considered the declarations supplied by Casarotto.

## II. The Two-Step Approach

Exploration objects to the two-step test used by Judge Ostby. Exploration argues that this Court should apply the test set forth in *Shushan v. Univ. of Colorado at Boulder*, 132 F.R.D. 263 (D. Colo. 1990). However, as far as this Court can tell, no district court in the Ninth Circuit has favorably cited *Shushan*'s method for certifying collective actions brought under the FLSA. District courts in the Ninth Circuit have instead followed the majority approach and proceeded under the two-step test. *See Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466-67 (N.D. Cal. 2004). This Court agrees with this approach. If Congress intended to tie the requirements of Fed. R. Civ. P. 23 into 29 U.S.C. § 216(b), which is what the *Shushan* Court did, Congress could have explicitly done so. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). By using the term "similarly situated," Congress intended to have a different standard applied to collective actions brought under § 216(b). *Id.* This Court is not persuaded that it should break from the overwhelming majority of district courts and apply the test enunciated in *Shushan*.

Judge Ostby also correctly applied the two-step approach. At the first step, the Court determines whether the putative class members are similarly situated.

4

*Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009). The movant only needs to present substantial allegations that the putative class members "were together the victims of a single decision, policy, or plan." *Bower v. Cycle Gear, Inc*, 2015 WL 2198461, at *1 (N.D. Cal. May 11, 2015). This is a lenient standard, and the "usual result is conditional class certification." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007). Once the Court finds that the putative class members are similarly situated, the plaintiff can send notices of the collective action to potential class members. *Id.* at 539. The second step occurs at the close of discovery, when the defendant can move for "decertification." *Lewis*, 669 F. Supp. 2d at 1127.

Here, Casarotto has provided substantial allegations that he and other flowback operators were subjected to a policy that violated the FLSA. Casarotto alleges that he routinely was required to work over 40 hours per week without receiving any overtime pay. Casarotto also makes sufficient factual allegations to show that he was not exempt from the FLSA's overtime requirements. Casarotto's fellow flowback operators make substantially similar allegations in their declarations. The declarations' "cookie cutter" nature does not undermine the allegations contained within them. *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1120 (W.D. Wash. 2011). Given the lenient standard at the first

5

step, Casarotto met his burden of showing that he and the putative class members are similarly situated for purposes of § 216(b).

## III. Equitable Tolling

Exploration objects to Judge Ostby's recommendation to equitably toll the statute of limitations until the date that Exploration supplies the contact information on putative class members to Casarotto. This Court agrees with Judge Ostby's recommendation.

While equitable tolling is to be applied sparingly, district courts sometimes equitably toll the statute of limitations in FLSA collective actions. *Guy*, 2014 WL 1899006 at *9. A court's delay in deciding a motion for conditional certification "may justify some tolling of the statute of limitations." *Id.* This is especially true when either the defendant causes the delay in conditional certification or when faultless plaintiffs diligently pursue their legal rights. *Adams*, 242 F.R.D. at 543. Like *Adams*, this Court finds that the "presence of both here makes equitable tolling appropriate." *Id.*

While not frivolous, Exploration's opposition to Casarotto's motion was unlikely to succeed. Given the lenient standard at the first step of conditional certification and the substantial allegations made by Casarotto, the Court finds that granting the Motion for Conditional Certification was a relatively easy decision. By opposing the motion and relying on the often-rejected approach used in

6

*Shushan* in its objections to the Findings and Recommendations, Exploration delayed the conditional certification as long as it could. Equitable tolling counters the advantage that Exploration gained "by withholding potential plaintiffs' contact information until the last possible moment." *Adams*, 242 F.R.D. at 543. Casarotto and the putative class members are faultless in this delay and should not be punished by the potential loss of claims caused by the lag in granting conditional certification. In addition, the Court finds that Exploration is not prejudiced by tolling the statute of limitations. Exploration was on notice of the potential claims when Casarotto filed this action.

## IV. Notices

Exploration objects to several aspects of the Notices proposed by Judge Ostby. This Court finds the objections to be meritless and adopts Judge Ostby's proposed Notices.

First, Exploration generally asserts that the Notices lack neutrality. This Court disagrees and finds that the Notices are sufficiently neutral. In the introduction, the Initial Notice contains the statement that, "**The Court has not yet ruled on the merits of claims or defenses asserted by any party to the case.**" (Doc. 33 at 23) (Bold in original). Judge Ostby added that language to Casarotto's proposed initial notice. *Compare* Doc. 28-2 at 1 with Doc. 33 at 1. There is no indication of judicial endorsement of the action's merits.

Second, Exploration argues that the time period for the notices should be two years instead of three years. The general statute of limitations under the FLSA is two years, but if the violations are "willful" the statute of limitations is three years. 29 U.S.C. § 255(a). Given the limited information available at this early stage, most courts decline to make a determination of willfulness when granting conditional certification. *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 768-69 (N.D. Tex. 2013); *see also Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 484 (E.D. Cal. 2006). Courts "often conditionally certify the three-year period upon a preliminary showing, and reserve final ruling on the issue until later in the litigation." *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1206 (N.D. Cal. 2013); *see also Williams v. U.S. Bank Nat. Ass'n*, 290 F.R.D. 600, 613 (E.D. Cal. 2013). Accordingly, this Court agrees that it is appropriate to provide the Notices to potential class members for the previous three years. *Adams*, 242 F.R.D. at 542. If this Court later determines that the general two year statute of limitations applies, then claims that fall outside the time period can be pared from the collective action.

## V. Preliminary Discovery

Exploration's final objection is to Judge Ostby's refusal to allow preliminary discovery. This Court finds that Judge Ostby properly did not allow Exploration to conduct preliminary discovery. A court's decision on a motion for conditional

8

certification is "based primarily on the pleadings and any affidavits submitted by the parties." *Leuthold*, 224 F.R.D. at 467. In granting conditional certification, courts do not even need to consider evidence presented by the defendant. *Villarreal v. Caremark LLC*, 66 F. Supp. 3d 1184, 1190 (D. Ariz. 2014). Courts do not "resolve factual disputes, decide substantive issues on the merits or make credibility determinations at the first stage." *Guy*, 2014 WL 1899006 at *4. Given the limited inquiry at this step in the proceedings, Exploration is not entitled to preliminary discovery.

## VI. Conclusion

After a de novo review, this Court agrees entirely with Judge Ostby. Accodingly, IT IS HEREBY ORDERED:

1. Judge Ostby's Findings and Recommendations (Doc. 33) are ADOPTED IN FULL.

2. Casarotto's Motion for Conditional Certification and Notice (Doc. 27) is GRANTED IN PART as follows.

3. Exploration has seven calendar days to provide Casarotto's Counsel, in readable electronic format, the names, mailing addresses, and email addresses of all putative members of the conditionally certified class. This class includes all Flowback Operators employed by Exploration in the last three years, from the date Casarotto's motion was filed, August 19, 2015.

9

4. Casarotto has seven additional calendar days to mail the Initial Notice attached to Judge Ostby's Findings and Recommendations (Doc. 33 at 23-24) to all putative class members. Casarotto shall file a notice in this action that the Initial Notices have been mailed. Casarotto may send the Reminder Notice attached to Judge Ostby's Findings and Recommendations (Doc. 33 at 26) 30 days after the Initial Notices are mailed. Casarotto must file a notice with the Court indicating the date the Reminder Notices have been mailed.

5. All class members must opt-in within 60 days of the date the Initial Notices were mailed. No opt-ins are permitted after that deadline passes.

DATED this 15th day of December, 2015.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge